TEXAS TRUNK RAILWAY COMPANY v. J. R. JOHNSON.

No. 2838.

1. **Charge.**—It is proper to refuse a requested charge where the issue to which it is directed has been properly submitted to the jury in the general charge. See example.

2. **Liability of Master for Acts of Servant Against Orders.**—A master is liable for actual damages for an injury resulting from the negligence of his servant in the course of his employment, even though the act be in direct violation of the master's orders; but the same rule does not apply to exemplary damages.

3. **Same—Charge.**—It is ground for reversal that the court refused the following charge: "That if the jury find from the evidence that the accident by which plaintiff sustained the injuries complained of was the result of fast running of the train, and that the train was so run against the orders of defendant's superior officers, and against regulations made in that respect by defendant, then plaintiff will not be entitled to recover more than his actual damages in this suit."

4. **Ability of Railway Company to Keep Track in Repair.**—It is not competent in a defendant railway company sued for damages to show in defense that the

road was unprofitable and a losing business. Its duties to the public do not depend upon its financial ability.

APPEAL from Kaufman. Tried below before Hon. Anson Rainey.

Appellee brought his suit against appellant to recover damages alleged by him to have been received in a railroad wreck on appellant's road on the 25th day of June, 1888, while he was a passenger thereon. He states in his petition that he received divers injuries on his person, including a fracture of the arm and dislocation of the right shoulder.

Appellant filed a general denial only, but on the trial its attorneys stated to the court and the jury that the appellant did not deny its liability to plaintiff for all such actual damages as he received in said wreck, or appellee's right to recover therefor, but stated that it denied that plaintiff's arm was fractured or shoulder was dislocated in said wreck, but averred that the same were injured, if at all, in a fall received by him from a wagon subsequent to the wreck, or otherwise; and appellant further stated that it denied its liability to exemplary damages.

The charge of the court shows that appellant admitted its liability for the actual damages sustained by appellee, that part of the charge being as follows, viz.: "The defendant admits that it is liable for the actual damages, if any, sustained by plaintiff by reason of such wreck, but denies that it is liable for exemplary damages."

On July 3, 1889, the jury returned a verdict for plaintiff for $1000 actual damages and $3500 exemplary damages. Defendant appealed.

*Leake, Shepard & Miller* and *Manion & Hufmaster*, for appellant.—
1. It is the duty of the court to charge on every issue of fact raised during the trial of a cause. Smithwick v. Andrews, 24 Texas, 488; Waul v. Hardie, 17 Texas, 553; Earle v. Thomas, 14 Texas, 583; Norwood v. Boon, 21 Texas, 592.

2. A railroad company, in the absence of a wicked motive, is not liable in exemplary damages to a passenger hurt on one of its trains unless the road was guilty of gross negligence; and gross negligence is the absence or want of even slight care and diligence, and slight care and diligence is such care and diligence as men of less than average prudence usually observe under given circumstances. Cotton Press Co. v. Bradley, 52 Texas, 587; Railway v. Cache, 64 Texas, 156; Railway v. Burns, 4 Texas Law Rev., 58; Shearm & Redf. on Neg., secs. 18–20.

3. The master is not liable in punitory damages for the acts of its servants, unless authorized or subsequently ratified. Railway v. Moore, 69 Texas, 157.

4. As exemplary damages are inflicted in cases of malice, wantonness, or oppression, the degree of punishment to be thus inflicted ought to depend upon the peculiar circumstances of each case; and, therefore, to en-

able a jury to exercise their discretion wisely for the purpose for which such damages are allowable all the facts and circumstances which tend to aggravate or mitigate the principal transaction and tend to develop its character should be submitted to them. The impoverished condition of defendant was improperly excluded from the jury. Flanagan v. Womack & Perry, 54 Texas, 50; 1 Suth. on Dam., pp. 724–34; Field on Dam., sec. 122.

*Woods & Cunningham*, for appellee. — 1. The court did not err in refusing the first special charge asked by defendant, for the reason that the defendant railway corporation exercises its functions in the transmission of passengers through its agents and servants, and is liable in exemplary damages to a passenger injured by reason of their wicked, wanton, or reckless conduct in the management of defendant's trains if so managed as to show on their part a reckless disregard and indifference as to the lives of others. 64 Texas, 152; 60 Texas, 194; 1 Shearm. & Redf. on Neg., secs. 18, 47, 513; 2 Id., sec. 495; Whart. on Ev., 30, 41; 93 U. S., 291; 90 N. Y., 588; 89 N. Y., 242; 64 N. Y., 129.

2. The defect in the ties and unsafe condition of defendant's road at the point where the wreck occurred, which was known to defendant at the time, was the proximate and the efficient cause of the injury to appellee, and the fast running of the train of defendant, united with the defects in the track of defendant, injury accruing to appellee, makes the defendant liable in exemplary damages. 62 Texas, 227; 60 Texas, 194; 65 Texas, 443; 2 Wood on Rys., 1244; 2 Shearm. & Redf. on Neg., sec. 513; 57 Me., 202; 103 Ill., 546; 106 Mass., 180.

3. As in criminal law regarding the punishment of wrongdoers, so it is in civil jurisprudence, the wealth or poverty of the wrongdoer is not a question of law to be submitted to the jury, nor is it either a matter of evidence to be submitted for their consideration in finding a verdict, and therefore the court did not err in rejecting the testimony of T. B. Donahoe. 48 N. H., 304; 26 Ia., 363; 34 Ia., 348; 2 Wood on Rys., pp. 1053, 1071, 1076, 1077, 1103, sec. 302.

STAYTON, Chief Justice.—Appellee was injured while traveling on appellant's train, which was derailed, and seeks to recover damages, actual and exemplary.

Appellant admitted its liability for such actual damages as might be proved, but contested its liability for exemplary damages.

The evidence tended strongly to show that appellee's right arm was fractured and its connections injured, but there was some testimony tending to show that these injuries may have been received in a subsequent fall from a wagon.

The charge of the court clearly informed the jury that in estimating

damages they would take into consideration only such injuries as were caused by the derailment. This charge was such that no juror having ordinary intelligence could have misunderstood, and we are of opinion that the court did not err in refusing further instructions on that point.

The practical effect of giving the charge requested, drawn as it was, after the court had given a proper charge, would have been to divert the mind of the jury from some of the issues of fact raised by the evidence, if not to induce the jury to believe that the court was of the opinion the evidence was not sufficient to show that the particular injury to which the charge referred was caused by the wreck.

There was evidence tending to show that while the track was not in good condition trains might be run on it at a low rate of speed with reasonable safety, and that the rules of the company required its employes not to run trains at a speed of more than twelve miles per hour.

There was also evidence tending to show that the train was moving at a rate of speed greater than allowed by the orders of appellant at the time of the accident, and that the wreck may have been caused by this.

Under this state of facts appellant asked the following instruction:

"The court charges the jury that if they find from the evidence that the accident by which plaintiff sustained the injuries complained of was the result of the fast running of the train, and that the train was so run against the orders of defendant's superior officers, and against regulations made in that respect by defendant, then in that event plaintiff will not be entitled to recover more than his actual damages in this suit." This was refused.

A master is liable for actual damages for an injury resulting from the negligence of his servant in the course of his employment, even though the act be in direct violation of the master's orders, but the same rule does not apply with reference to exemplary damages.

If appellant's railway could be operated with safety at the rate of speed prescribed by it for the regulation of employes, then an injury resulting from a violation of such orders can not be attributed to the gross negligence of appellant, nor to its indifference or disregard for the safety of passengers.

Such gross negligence, indifference, or disregard for the safety of passengers must exist to render the master liable for exemplary damages, and the charge requested should have been given.

The third assignment of error is that "the court erred in refusing to allow defendant to prove by its witness T. B. Donahoe, that during the time the present owners of said road owned the same, to-wit, over three years last passed, there had been no dividend declared or paid to the defendant's stockholders; that the earnings and receipts from the operation of the railroad were not sufficient to pay operating and other expenses and keep the road in repair, and that there was no money from the receipts

of the road to make repairs and betterments, and furnish and place in position the necessary cross ties, and that the owners of the road—of its stock—had to take out of their own pockets money to meet the deficits in the operating of defendant's road, and for the purpose of keeping it in repair, and in purchasing cross ties for the road; and that during all that time the stockholders of defendant's company had not received a dollar from the receipts and earnings from the operation of defendant's road. Defendant offered to make this proof by said witness on the issue of exemplary damages claimed in plaintiff's petition, and to show that the owners of the stock of said road had not appropriated said receipts or earnings, but on the objection of plaintiff the court held such evidence incompetent, and refused to allow defendant to make said proof by said witness."

The liability of a railway company for exemplary damages can not be made to depend on the ability of the corporation to keep its road in such condition that it can be operated with safety to passengers.

A corporation or individual who attempts to conduct a business public in its character, in the course of which the lives and limbs of persons dealing with them are imperiled, are held responsible in exemplary damages whenever the means used to conduct the business are so manifestly insufficient to enable them to conduct it safely as to manifest indifference to duty or reckless disregard for the safety of persons.

The legal culpability is as great when the failure in such cases to furnish safe appliances results from inability arising from the want of sufficient money or credit as is it when it arises not from a lack of means but from an indisposition to use them. The moral culpability may be greater in the one case than in the other, but the legal is the same whether it results from the one cause or the other.

There is no law which compels a railway corporation either to construct or operate a railway, though if this be voluntarily undertaken the failure to operate may give the State the right to withdraw the rights and powers given by the act of incorporation.

A railway must be presumed to be operated by the company owning it for its own benefit, and whether this consists in actual profit to stockholders or the mere avoidance of facts which would authorize the State to demand a forfeiture, is immaterial in so far as liability to persons for failure to use care may be in question.

If a railway company elects to pursue the business of passenger carrier with full knowledge that this is done without appliances reasonably sufficient when carefully used to enable it to safely transport them, it matters not on a question of liability for an injury what may be the cause or motive for such action.

If the company has not the means to place its roadway in safe condition it should cease to use it for the transportation of passengers; but if it elects

not to do this, and for any reason continues to hold itself out as a carrier of passengers, and receives them when its appliances are known to be insufficient when carefully used for the safe conduct of such a business, then, so long as damages are given for the purpose for which it is said exemplary damages are given, it must be held that such damages may be properly imposed.

The law gives no guaranty to the stockholders of a railway or other corporation that its business shall yield dividends or funds sufficient to keep in repair the appliances with which its business is conducted, but holds them, as it does individuals when they conduct a business public in its character, liable for damages actual or exemplary as the degree of negligence shown may warrant under the rules of law applicable to the measure of damages.

The court did not err in excluding the evidence offered, but for its refusal to give the charge before referred to, its judgment must be reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 19, 1889.