## SUN PUB. CO. v. LAKE ERIE ASPHALT BLOCK CO.

(Circuit Court of Appeals, Sixth Circuit. November 27, 1907.)

### No. 1,643.

1. WRIT OF ERROR—REVIEW—QUESTIONS CONSIDERED.

That a verdict is against the weight of the evidence cannot be assigned as error in the federal courts.

2. SAME—QUESTIONS PRESENTED FOR REVIEW.

To entitle a party to assign as error, in an appellate court, that there was no evidence in support of the verdict rendered, the question must have been presented to the trial court by a motion for direction of a verdict, and due exception taken to its refusal.

3. SAME—ADMISSIBILITY OF EVIDENCE.

To render the rulings of a trial court, admitting or rejecting evidence, reviewable on a writ of error, the record must show an exception, taken to each ruling, assigned as error, and, where an objection was sustained to a question, the answer expected.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 1503, 1504.]

4. SAME—PRESENTATION OF QUESTIONS TO LOWER COURT.

Where it was agreed between counsel that certain printed articles should be taken by the jury, error cannot be assigned because they were not so

taken, where no request therefor was made to the court, and consequently no ruling made.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 1418.]

5. SAME—REVIEW—DISCRETION OF LOWER COURT.

The refusal of a court to postpone a trial because of the absence of one of a party's counsel is discretionary, and not reviewable on a writ of error.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3837.]

In Error to the Circuit Court of the United States for the Southern District of Ohio.

Allen Andrews and Miller Outcalt, for plaintiff in error.

Warren Gard, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

SEVERENS, Circuit Judge. The plaintiff (now defendant in error) sued the defendant below to recover damages for the publication in the "Hamilton Sun" at Hamilton, Ohio, of an alleged false and malicious libel of and concerning the plaintiff's method of doing business, and the quality of the material which it supplied for the paving of streets in cities and villages, and particularly the material which it was supplying to one Andrews, who was about to put down a pavement in a certain street in Hamilton under a contract with the city. The libelous matter complained of was this:

"Awful. Of all the poor, worthless, rotten material that could possibly masquerade under the pretense of being paving material, the block asphalt piled upon East High street for use in paving that street, if the people can be gagged, is the worst. It stands no test at all. As a matter of fact, the chemical tests, the pressure tests, and the tests of common sense show that the 'new' block asphalt, piles of which are stacked upon East High street and Ross street, isn't as good as the old disgraceful, discredited, and disintegrating stuff that makes this town the laughing stock of the state now.

"Fraud. But the block asphalt that they are trying to put down on East High street and on Ross street, which is shown to be even poorer in quality than the old block, is but three inches thick and costs $2.24 a square yard. Don't you know there is fraud sticking out of that? Don't you know that the court was deceived when the Scott case was heard?

"Common Sense. To Mr. Mather and Mr. Krone, members of the board of public service: The people are appealing to you to prevent the laying of this discredited and fraudulent material in this city. The asphalt block people have deceived you as well as the public. The contractor's purpose in putting down an inferior grade of three inch block here; not the block that they testified about in court—not the block that they represented to you."

The answer of the publishing company admitted the publication, but denied all other allegations of the petition, such as concerned the motive, the damages, and the falsity of the statements in the publication, which statements the defendant averred were true, and were a reasonable statement of facts which were of general interest to the public. There was a trial by a jury, which resulted in a verdict for the plaintiff in the sum of $4,000. A motion for a new trial was made and denied. Thereupon judgment was entered on the verdict.

The case has been argued upon four assignments of error. In the

·order pursued by counsel for the plaintiff in error, the first contention ·is that the verdict was manifestly against the weight of the evidence. 'In the appellate courts of the United States this cannot be assigned as error. It is a legitimate ground for a motion for a new trial in the ·Circuit Court; but its disposition there is final. Under this assignment, it is also urged that there was no evidence in support of a verdict and judgment for damages. But no foundation was laid in the ·court below on which to rest a complaint in the appellate court. There was no motion made at the close of the evidence for a peremptory in·struction to the jury, or any request preferred to the court for any in·struction upon the subject, and no exception taken to the instructions .given to the jury. In this court only errors in law can be considered; .and, in order to raise a question of the correctness of the rulings of ·the judge on the trial, an exception must be taken thereto at the time, .and appear in the bill of exceptions. We may, without impropriety, .add that, in the present case, whatever we might think of its sufficiency .and weight, there was some evidence upon the question of damages which went to the jury for its consideration. Whether or not, in a ·case of this character, and constituted in respect of parties as this is, ;punitive damages are recoverable—a question much discussed by counsel for plaintiff in error in their brief—we do not inquire; for, although the court charged that the jury might give such damages, no ·exception was taken to the instruction.

One of the assignments of error complains of the action of the court ·in refusing to permit the witness Doran to answer the following ques·tions:

"State to the jury, what proposition, if any, was made by the property own·ers to the board of public service at that meeting to join together and have a ·disinterestsd chemist employed to analyze these blocks?

"You may state to the jury what was the appearance to you—to any casual observer—of High street, that had been paved a few years before with this ·block asphalt, sold by Mr. Birchenal to the city?"

—to which ruling the bill of exceptions states the defendant then and ·there excepted. There were two rulings, each rejecting particular ·questions relating to different subjects. To which ruling the exception ·relates does not appear. The eleventh rule of this court (150 Fed. .xxvii) requires that the party assigning errors "shall set out separately .and particularly each error asserted and intended to be urged"; and, "when the error alleged is to the admission or to the rejection of evi·dence, the assignment of errors shall quote the full substance of the ·evidence admitted or rejected." When the evidence is rejected, it is incumbent on counsel to make the record show that he stated to the ·court what answer he expected the witness would make; otherwise, it does not affirmatively appear that the party suffered any injury ·from not having the answer. Neither of these requirements have been ·complied with. Moreover, it appeared that the paving done in High street several years before was done with block asphalt supplied by an·other company having no relation to the plaintiff; and, although the ·same person who formerly acted as the agent of the other company was ·now acting as the agent of the plaintiff, this fact did not make the ¡plaintiff responsible for the old paving, and would afford no justification

for impugning the character and business methods of the plaintiff, and the material supplied by it. It was res inter alios, and wholly irrelevant. Besides, the libel did not charge that the board of public service was acting fraudulently. The charge was that the plaintiff was the party committing the fraud by deceiving the board. Evidence that the board declined to co-operate in obtaining a chemical analysis was therefore irrelevant.

The plaintiff's counsel offered in evidence certain other publications by the defendant to show malice in publishing the libel complained of. Certain extracts were read by counsel, and counsel for defendant objected to the omission of the context, but finally waived the objection upon an agreement that the jury might take with them, when they should retire, the whole of the publications so offered. But, when the jury went out, these publications were not handed to them, perhaps by oversight of counsel for both sides. No request was made to the court in that behalf, and, of course, no order was made or exception taken. It is assigned as error that the publications were not sent out. But, as this was a privilege saved to the defendant, it was incumbent on its counsel to see that the advantage should be pursued. At all events, there is nothing in the episode which exhibits any error in law on the part of the court.

Another complaint is that the defendant was forced to go to trial without the assistance of one of its counsel. It had employed two firms of lawyers, one a local firm and the other from Cincinnati. The member of the latter firm who had been relied upon to assist in the trial, being ill, was not in attendance, but his partner and the local counsel were present when the case came on for trial. A postponement was asked for by the defendant; but the court being of opinion that the defendant was sufficiently represented by counsel, declined the request and the trial proceeded. Error is assigned upon this refusal to postpone. It was, however, a matter within the discretion of the court, and its action is not reviewable here on a writ of error.

The judgment of the Circuit Court must be affirmed, with costs.