## CLEVELAND NEHI BOTTLING CO. v. SCHENK.

### No. 5980.

Circuit Court of Appeals, Sixth Circuit.

March 18, 1932.

F. F. Gentsch, of Cleveland, Ohio (Gentsch & Lang, of Cleveland, Ohio, on the brief), for appellant.

S. T. Gaines, of Cleveland, Ohio (Borden & Gaines, of Cleveland, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

MOORMAN, Circuit Judge.

The facts in this case are simple. Appellant is engaged in selling soft drinks which it delivers to its customers by trucks operated over regular routes. On November 6, 1930, one of its employees, Tucker, left its plant with a truck to make deliveries at various places in the vicinity of Cleveland. Appellant had instructed its drivers not to drink intoxicating liquor while on duty. Before leaving on the day in question Tucker began drinking, and continued to drink throughout the day. He claims to have become intoxicated. However that may be, after calling on some of appellant's customers, and while en route to see others, he ran the truck from the east side to the west side of the road and collided with an automobile in which appellee was riding. The appellee sued and recovered damages.

Error is assigned to the refusal of the trial court to instruct the jury that, if the collision resulted from Tucker's violation of his instructions, the appellant was not liable. No complaint is made of that part of the charge dealing with the measure of appellant's responsibility if the jury found that Tucker was intoxicated. The contention is that the taking of a drink by Tucker in violation of his instructions was such a deviation from his duty as to sever pro tempore the relationship of employer and agent and relieve appellant from liability for his negligent act of running the truck into the automobile. We cannot accept the affirmation of that proposition. Where the servant steps entirely aside from his duty and goes off to serve some purpose of his own, there is, of course, a severance for the time being of the responsible relationship of the master. Union Gas & Electric Co. v. Crouch, 123 Ohio St. 81, 174 N. E. 6, 74 A. L. R. 160, might have been decided upon that ground, but was not. There the employee went to a party and upon leaving it invited Crouch to ride with him in his automobile. Crouch was injured through the employee's reckless driving. There was some question in the proofs as to whether the employee was on a mission of his own at the time or was proceeding to an electric light that needed repairs. The court assumed the latter, and held that as to the electric company Crouch was a trespasser to whom it owed no duty except not to injure him willfully. A sufficient basis for this conclusion may be found in the circumstance that, wholly apart from his instructions not to do so, the carrying of passengers by the employee was neither an incident of nor a part of his service. There is nothing in the reasoning or facts of the case that militates against the application of respondeat superior to the present case where the appellee was at the place where she had a right to be, and the culpable employee was driving the truck on his regular route in the

course of his master's business. It has long been settled that, where an employee is so engaged, the master is liable for his negligent or wrongful act, even if committed in violation of instructions. Philadelphia, etc., R. Co. v. Derby, 14 How. (55 U. S.) 468, 14 L. Ed. 502; Delaware, L. & W. R. Co. v. Pittinger (C. C. A.) 293 F. 853; Heenrich v. Pullman Co. (D. C.) 20 F. 100; Merrill v. Torpedo Co., 79 W. Va. 669, 92 S. E. 112, L. R. A. 1917F, 1043; Engel v. Smith, 82 Mich. 1, 8, 46 N. W. 21, 21 Am. St. Rep. 549; L. S. & M. S. R. Co. v. Brown, 123 Ill. 162, 178, 179, 14 N. E. 197, 5 Am. St. Rep. 510; Texas Trunk R. Co. v. Johnson, 75 Tex. 158, 12 S. W. 482; Powell v. Deveney, 3 Cush. (Mass.) 300, 305, 50 Am. Dec. 738; Cosgrove v. Ogden, 49 N. Y. 255, 257, 10 Am. Rep. 361. To hold otherwise would be to destroy the doctrine of respondeat superior. Bray-Robinson Clothing Co. v. Higgins, 210 Ky. 432, 276 S. W. 129, so far as it relates to the liability of the master for the unlawful act of his servant, is based on a statute under which the liability was limited to the servant. To the extent that it may be construed as holding that the master is not liable for the unauthorized or forbidden acts of his employees committed in the course of employment, it is not only unsound in principle, but is against the weight of authority.

■■ The error assigned to the examination of the jurors on the voir dire has no basis in the record. The objection that is now made relates to an inquiry as to whether they were financially interested in any automobile liability insurance company. No objection was made to the request of counsel for appellee that the question be propounded. It was not until after the court had complied with the request and finished the examination, counsel for appellant apparently assenting, that objection was made and an exception asked. Besides, the question was proper. New Aetna Portland Cement Co. v. Hatt, 231 F. 611, 617–619 (6 C. C. A.). The other contentions of appellant are also without merit. It has been held so often that it ought not to be necessary again to say that this court cannot consider whether a verdict of a jury is excessive [Grand Trunk Western Ry. v. Heatlie, 48 F.(2d) 759, 761 (6 C. C. A.)] or against the weight of the evidence [Sun Pub. Co. v. Lake Erie Asphalt Block Co., 157 F. 80, 82 (6 C. C. A.); Cleveland & Western C. Co. v. Main Island Creek C. Co., 297 F. 60, 62 (6 C. C. A.)].

The judgment is affirmed.