## SINCLAIR REFINING CO. v. KEISTER.
### No. 6164.

Circuit Court of Appeals, Sixth Circuit.
April 6, 1933.

D. B. Cull, of Cleveland, Ohio (Cull, Fuller & Laughlin, of Cleveland, Ohio, on the brief), for appellant.

E. S. Wertz, of Cleveland, Ohio, and L. R. Critchfield, Jr., of Wooster, Ohio (Critchfield, McSweeney & Critchfield, of Wooster, Ohio, and E. S. Wertz, of Cleveland, Ohio, on the brief), for appellee.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

PER CURIAM.

The plaintiff recovered damages for the pollution of the water supply on her premises caused, as she claimed, by leakage of gasoline from storage tanks installed by the defendant on adjacent property. The defendant appeals, contending (1) that the court erred in refusing to admit in evidence certain exhibits which it offered, and (2) that there should have been a directed verdict in its behalf at the conclusion of all the evidence. The first contention is not supported by any valid assignment of error. The ground of the second is that, although there was evidence of a defective storage tank, the evidence as a whole so overwhelmingly preponderated in favor of the view that gasoline from the tank could not have percolated through the earth into the plaintiff's well and spring that it was the duty of the court to direct a verdict. Martin v. Memphis Stone & Gravel Co. (C. C. A.) 46 F.(2d) 989; Gunning v. Cooley, 281 U. S. 90, 50 S. Ct. 231, 74 L. Ed. 720. We do not agree that the evidence so preponderates, but think there was substantial evidence to show that gasoline from the tank could and did percolate into the well and spring. In such a case the question is for the jury, and this court cannot consider whether its verdict is against the weight of the evidence. Grand Trunk Western Ry. Co. v. Heatlie, 48 F.(2d) 759, 761 (6 C. C. A.); Cleveland Nehi Bottling Co. v. Schenk, 56 F.(2d) 941, 942 (6 C. C. A.).

The judgment is affirmed.