**MARTIN v. BURGESS. \***
No. 7938.

Circuit Court of Appeals, Fifth Circuit.
March 20, 1936.

*Rehearing denied April 29, 1936.

S. C. Mize, of Gulfport, Miss., and Harry H. Smith, of Mobile, Ala., for appellant.

Jesse F. Hogan, of Mobile, Ala., for appellee.

Before FOSTER, SIBLEY; and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

Cyrille E. Burgess recovered judgment for personal injuries against Peter F. Martin. The main error urged on this appeal is the refusal of the judge to instruct a verdict for the defendant, and the crucial question is whether the evidence authorizes a finding that the truck of defendant which injured the plaintiff was at the time operated by a servant of defendant in the course of his employment. The evidence for the plaintiff showed an injury by the negligence of the driver of a truck belonging to the defendant in a collision with plaintiff's automobile near Mobile, Ala., early on Sunday morning; and that a few hours after the occurrence, while the driver was still ·unconscious in the hospital at Mobile, defendant came on a summons by telephone to the hospital, where plaintiff also lay seriously wounded, and asked the plaintiff if he had insurance, and upon a negative answer, said he himself had insurance, that plaintiff did not have to worry about anything, and that his automobile would be fixed. The superintendent of the hospital testified that defendant on the same visit told her that if the insurance company did not pay the hospital expenses he would be responsible for them; and the surgeon testified that the defendant said to him that he thought he was responsible ·for the doctor's bill, although he had not authorized the man to come to Mobile in his truck, and he would see that the bill was paid. The

driver of plaintiff's automobile testified that he heard defendant say on the same occasion: "The boys were supposed to come to Biloxi Monday morning with the truck." The defendant admitted making all the statements save the last, which he denied. He and the driver both testified that on Friday evening before the collision Sunday morning the driver was engaged by defendant to begin work on Monday morning at selling and delivering beer by means of the truck in Jones and Forrest counties, Miss., and that the truck loaded with beer was then turned over to the driver. Defendant testified he gave no permission to use the truck otherwise or outside of those counties, and knew nothing of the trip to Mobile until summoned there after the collision; that the truck was not to come to Biloxi on Monday; that the driver had a week's supply of beer with the truck and other beer was to come direct from Louisville. The driver testified clearly and positively and without contradiction that he stored part of the beer from the truck on Friday evening at Hattiesburg, in Forrest county, and took the remainder to Laurel, in Jones county (which adjoins to the north), and put it in cold storage there. Saturday he worked for another man at Laurel until midnight. Early Sunday morning he started in the truck to Mobile in Alabama to take a trunk of clothes to his wife who was at her mother's house there, intending to return to Laurel the same day; that his instructions were to take orders and deliver beer in Forrest and Jones counties, and he had no permission to carry the trunk to Alabama; that defendant had no interest in the trip, and so far as he knew, did not know of it. The trunk was found in the wrecked truck. It was proven that the usual and direct route from Laurel to Biloxi was south about 115 miles; the route to Mobile was southeast about 115 miles, and Mobile is 75 or 80 miles east of Biloxi.

In Alabama proof that the truck was defendant's raises an administrative presumption that its use was authorized at the time and place of the collision, so as to put the burden of explanation on the defendant; but the presumption is not evidence, and serves only to impose upon the defendant the burden of showing that the driver was not his agent, or, if he was, that he was not acting within the scope of his authority or in the course of his em-

ployment, Toranto v. Hattaway, 219 Ala. 520, 122 So. 816; and the proof ought to be clear and convincing, Rooks v. Swift & Co., 210 Ala. 364, 98 So. 16. But when it is shown without contradiction that the defendant's vehicle was used without his authority at the time and place, a verdict against him cannot stand. Toranto v. Hattaway, supra; Ætna Explosives Co. v. Shaeffer, 209 Ala. 77, 95 So. 351. Turning to the so-called admissions as a support for plaintiff's recovery, it is to be remembered that only admissions of fact are really evidence. If the admission is not of a fact, but of an opinion or of law, it is of no more value than if a witness were offering to testify to the same thing. Polk v. Robertson, 19 Fed. Cas. page 937, No. 11250; Chamberlayne Mod.Law Ev. § 1293; 22 C.J., Evidence, §§ 325, 326, and cases cited. Simple admissions, though evidence, are not estoppels. We find the court saying in Nelson Bros. Coal Co. v. Perryman-Burns Coal Co. (C.C.A.) 48 F.(2d) 99, 101: "We think that the statements * * * were no more than matters of opinion, and that it was clearly under a misapprehension as to when as a matter of law the title to the coal passed. While the statements may have had some prima facie significance in favor of the libelant, they are far outweighed by the other circumstances, which show that the title * * * passed," etc. And again in Bushey & Sons v. Hedger & Co. (C.C.A.) 40 F.(2d) 417, 418: "An admission, except when formally made at trial, even if by a party in propria persona, is at most only evidentiary matter which may be rendered nugatory by other evidence in the case." The defendant's promises to fix the automobile and to pay the hospital bills may bind him as contracts, but it is only by the use of an argument, to wit, that he would not have so spoken if he did not think he was liable for the collision, that any connection is made with the case on trial. The argument is weak, for he may have assumed the obligations from motives of humanity or in a mistaken belief that he was protected by insurance. But in plain words, he said to the surgeon that he thought he was liable. Still on its face that is an opinion of law rather than a statement of any fact. Again we have to argue that he must have known that he would be liable only in case his truck was used by his authority, and that therefore he intended to admit that fact. But as a part of this very admission is

his statement that he had not authorized the driver to come to Mobile. So it appears most likely that he thought the law was as it is in Florida and some other states, that the owner of a motor vehicle is responsible for injury done by it when in any use by a person to whom he intrusted it, but this is not the law in Alabama. All these so-called admissions are really but circumstances to base an argument on. They are not square admissions of any fact the truth of which was known to the declarant. The disputed admission of fact that the truck was expected to come to Biloxi Monday morning must be taken to have been made, but since the usual and only reasonable route would have been south to Biloxi, it would appear to be an unauthorized departure to go on business not the master's nearly twice as far and into another state by way of Mobile. But more important, the appointment at Biloxi on Monday morning is not at all inconsistent with the uncontradicted and unimpeached testimony that the truck was not going to Biloxi on Sunday morning but was going to Mobile on a personal mission of the driver and to return to Laurel that evening, with no connection with defendant's business. Circumstances (and all these admissions amount, as has been shown, only to circumstances from which inferences of fact might be drawn) may by themselves tend to sustain a theory, but if positive, reasonable, uncontradicted, and unimpeached testimony which is consistent with the circumstances, shows that the theory is not true, the positive evidence must prevail, and a verdict should be directed according to it. Pennsylvania R. Co. v. Chamberlain, 288 U.S. 333, 341, 53 S.Ct. 391, 77 L.Ed. 819; Arnall Mills v. Smallwood (C.C.A.) 68 F.(2d) 57. There is no evidence that the driver was at the time of testifying in the employ of defendant, but if he was, mere employment does not amount to impeachment. Chesapeake & Ohio R. Co. v. Martin, 283 U.S. 209, 210, 51 S.Ct. 453, 75 L.Ed. 983; Arnall Mills v. Smallwood, supra. His taking the whole blame of the occurrence on himself would appear to be testimony, not because of interest, but against it. The scintilla of evidence rule which prevails in Alabama touching the direction of verdicts does not apply in the federal courts sitting there. Pennsylvania R. Co. v. Chamberlain, supra. We are of opinion that under the evidence the defendant's motion for an instructed verdict ought to have been granted.

Other errors assigned will likely not occur on another trial, if there be one. The argument of plaintiff's counsel that the driver was still employed by the defendant and ought, therefore, not to be believed, was not sustained by law or evidence, and ought not to have been permitted. Touching the defendant's insurance and the qualification of the jurors, the court should privately ascertain whether an insurance company is to be affected by the result of the trial, and if so, without needlessly publishing the fact of insurance, should on plaintiff's request exclude jurors interested in behalf of the insurer. Criticisms of the charge are sufficiently dealt with by our opinion touching the merits. The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.