**Harold LENTNER, Plaintiff-Appellant,**

v.

**Joseph H. LIEBERSTEIN and William J. Sone, Defendants-Appellees.**

**No. 12749.**

United States Court of Appeals Seventh Circuit.

May 16, 1960.

Rehearing Denied July 22, 1960.

Jay E. Darlington, Hammond, Ind., John R. Jeffers, Chicago, Ill., for appellant.

Max E. Wildman, Chicago, Ill., John M. O'Connor, Jr., Chicago, Ill., of counsel, for appellees.

Before DUFFY and SCHNACKEN-BERG, Circuit Judges, and MERCER, District Judge.

MERCER, District Judge.

Plaintiff prosecutes this appeal to review a judgment of the trial court entered upon a verdict finding the issues in favor of defendants. No review of the merits is sought. The only question presented is whether the court erred in denying plaintiff's motion for a new trial, which was predicated upon his allegations of procedural error in the trial of the cause.

Plaintiff sued the defendants, who are doctors, for damages allegedly sustained by him as a result of defendants' negligent malpractice. In summary, the complaint alleged that plaintiff entered South Chicago Community Hospital and was there treated by defendants for a fractured jaw. Defendants used one of two medically approved methods in setting the fracture. There was no charge of negligence in the choice of methods made by defendants, but it was alleged that defendants, and each of them, in applying and using the method selected, negligently permitted fragments of bone to heal in a displaced position. The jury rendered a verdict in favor of defendants, and judgment was entered thereon by the court.

Plaintiff first contends that the trial court erred in denying him the right to interrogate prospective jurors as to their connection with, or interest in, insurance companies. In his *voir dire* examination of the first panel of jurors,

which was composed of four women, plaintiff's counsel asked if any of the husbands of such jurors were in any way connected with any insurance company. That question was answered in the negative by all members of the panel. Defendants' objection to further pursuit of questions as to insurance company connections was sustained by the trial court. Error is assigned on that ruling.

That ruling by the court was in accordance with procedural principle established by the courts of the State of Illinois, and by decisions of this court applying Illinois law. E. g., Andrews v. Hotel Sherman, 7 Cir., 138 F.2d 524; Wheeler v. Rudek, 397 Ill. 438, 74 N.E. 2d 601, 4 A.L.R.2d 748; Moore v. Edmonds, 384 Ill. 535, 52 N.E.2d 216; Smithers v. Henriquez, 368 Ill. 588, 15 N.E.2d 499.

In Wheeler v. Rudek, 397 Ill. 438, 74 N.E.2d 601, the court summarized a long line of its prior decisions in fixing the limitations which control *voir dire* examination of the type here attempted. There, the court states the basic concept, which governs the question in issue, to be that *voir dire* examination as to connection with insurance companies must be undertaken in good faith, and not merely to convey "to the jury information that an insurance company was standing in the background." 397 Ill. at page 442, 74 N.E.2d at page 603. Before such *voir dire* examination is permitted it is necessary for the plaintiff to show, by affidavits or the testimony of witnesses, or both, and out of the presence of the jury, that the asserted need for asking prospective jurors about insurance company connections is based upon something more than mere surmise. Ibid, 397 Ill. at page 443, 74 N.E.2d at page 603. The Rudek case was a personal injury suit, and the fact that defendant had liability insurance was conceded. Before empanelment of the jury began, at plaintiff's request, the court conducted a hearing out of the presence of the jury and ruled that plaintiff might ask each juror on *voir dire* examination whether he was interested in any insurance company and whether he had close friends or relatives associated with or financially interested in any insurance company. That ruling was based upon plaintiff's affidavit which stated, in summary, that the defendant's insurer had a large number of agents and employees in its Chicago office, that the plaintiff had reason to believe that persons who might have an interest in the insurance company there involved might be among the panel of jurors called to try the case, and that the plaintiff feared that he would not have a fair trial unless he were able to examine each juror on *voir dire* relative to his connection with any insurance company. Upon appeal, the Illinois Supreme Court reversed a judgment in favor of the plaintiff and remanded the cause for a new trial, holding that the injection of the insurance question into the case through *voir dire* examination was prejudicial error.

The Rudek case is merely a reiteration of the principles of law long established for courts of Illinois as summarized by this court in Andrews v. Hotel Sherman, 7 Cir., 138 F.2d 524, 527, as follows: "Both parties are entitled to a fair and impartial jury. If the plaintiff believes in good faith, and has reason to believe, that an insurance company is the real party defendant, although not a party of record, and there are facts existing and known to the court or made known to it by the plaintiff, that might affect the impartiality of some of the venire, and the court is satisfied on the whole that the counsel for the plaintiff is acting in good faith, the court may permit the counsel for the plaintiff to inquire as to the financial or other interest any of the venire may have in the insurance company, naming it. Smithers v. Henriquez, 368 Ill. 588, 15 N.E.2d 499. It all depends upon the good faith of the counsel and the fair requirements of the case."

Here plaintiff made no showing of cause why the excluded line of *voir dire* interrogation was necessary. The court properly sustained objection to such interrogation.

■ Plaintiff's second contention against the judgment is that the trial court committed reversible error in permitting defendants to cross-examine plaintiff's witness, Dr. Penhale, as to matters beyond the scope of direct examination. Upon due consideration of the record we are convinced that the trial court's action was not error.

Dr. Penhale was called by plaintiff to identify for introduction into evidence an X-ray film which showed the condition of plaintiff's jaw after treatment by defendants. Over objection, the trial court permitted defendants to cross-examine the witness with respect to the X-ray, with respect to what the X-ray showed as to the condition of plaintiff's jaw, and with respect to the functional result or significance of the condition shown. The court then ruled that defendants might not cross-examine the witness as to subjects other than the X-ray, whereupon defendants requested leave of court to examine Dr. Penhale, out of turn, as their witness. The court permitted such examination. Plaintiff at that time raised no specific objection to that procedure, but now contends that the procedure was erroneous.

An identical procedural situation was before the court in Magnolia Petroleum Co. v. Powell, 10 Cir., 204 F.2d 253. The court there sustained the practice as being clearly discretionary with the trial court, and as representing no abuse of discretion. See, to the same effect, Butler v. New York Cent. R. Co., 7 Cir., 253 F.2d 281, 283; United States v. Bender, 7 Cir., 218 F.2d 869, certiorari denied 349 U.S. 920, 75 S.Ct. 660, 99 L.Ed. 1253.

■ We think the court correctly appraised the legal significance of the practice in the Magnolia case and that the principle announced applies to this issue in the case at bar. The conduct of a trial, "the order of introducing evidence, and the time when it is to be introduced" are matters vested in the sound discretion of the trial court. Wills v. Russell, 100 U.S. 621, 626, 25 L.Ed. 607. It was within the realm of the court's discretion to relax the accepted order of trial procedure, and to permit defendants to examine the witness as their own, out of turn, in order to obviate the necessity that the witness be recalled at a subsequent time. Ibid, 100 U.S. at page 626. Absent any showing that the plaintiff was thereby prejudiced, we will not disturb that exercise of discretion.

■ Plaintiff's third contention of error relates to a refusal of an instruction tendered by plaintiff. Plaintiff tendered an instruction which, in effect, stated that it would not be necessary that plaintiff prove all of the grounds of negligence set up in his complaint, but that proof of any one of the grounds there stated by a preponderance of the evidence was sufficient to sustain a recovery by plaintiff. Plaintiff asserts that the effect of refusing the tendered instruction was to tell the jury that it was necessary for plaintiff to prove every allegation of negligence made in his complaint.

Upon review of the charge to the jury, as given by the court, we are convinced that the instruction was properly refused. The instruction referred to "grounds of negligence set up in his complaint" and to "grounds relied upon" without stating what such grounds were. No other instruction, or instructions, tendered by the plaintiff stated the grounds of negligence alleged in the complaint so far as the record reveals. In the absence of other instructions pointing out to the jury what charges of negligence were made in the complaint, the tendered instruction was erroneous and was properly refused. Lerette v. Director General of Railroads, 306 Ill. 348, 137 N.E. 811; Kunz v. Larson, 15 Ill.App.2d 126, 145 N.E.2d 746; Signa v. Alluri, 351 Ill.App. 11, 113 N.E.2d 475, 478, and cases there cited.

We find no error in the record and the judgment is therefore affirmed.