George BUTLER, Plaintiff-Appellee,

v.

NEW YORK CENTRAL RAILROAD
COMPANY, Defendant-Appellant.

No. 12149.

United States Court of Appeals
Seventh Circuit.

March 25, 1958.

Jerdie D. Lewis, Terre Haute, Ind., Marvin A. Jersild, Chicago, Ill., Karl J. Stipher, Indianapolis, Ind., for appellant.

William L. Woodfill, Greensburg, Ind., Howard S. Young, Jr., Indianapolis, Ind., Leon J. Humbert, Greensburg, Ind., Donald W. Ward, Indianapolis, Ind., for appellee.

Before HASTINGS and PARKINSON, Circuit Judges, and WHAM, District Judge.

PARKINSON, Circuit Judge.

This action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., arose out of plaintiff's injury on May 17, 1954.

Trial was to a jury resulting in a $75,000 verdict for the plaintiff. Defendant's motion for judgment n. o. v. and/or a new trial was denied and this appeal followed.

The plaintiff was a member of defendant's track crew engaged in placing fresh ballast under the ties and track of the defendant's main line between Cincinnati, Ohio and Indianapolis, Indiana. Jacks, which were raised and lowered by a crowbar handle, were placed under the ties. The ties and tracks were then raised and fresh gravel placed thereunder. A large tamping machine moving upon the tracks would then tamp down the ballast with great force. After it passed over the jacked up ties the plaintiff and other crew members would then remove the jacks moving them to the track in front of the tamping machine thereby performing a continuous operation. As the plaintiff was removing a jack from beneath the ties before the tamping machine had passed clear the tampers struck the jack or crowbar causing the crowbar to fly up and hit the plaintiff resulting in the injury complained of.

The errors relied upon for reversal arise out of (1) rulings on the evidence; (2) denial of defendant's motion to withdraw certain issues; (3) instructions; (4) denial of motion for directed verdict; and (5) denial of motion for judgment n. o. v. and/or new trial.

Leonard Stahl, the defendant's track supervisor, was called as a witness for the defendant. He testified on direct examination that he did not give instructions to any of the men to pull jacks out from under the ties while the tamping machine was still on the rails over the jacks. On cross-examination he was asked if pulling the jacks out from under the ties before the tamper had cleared would place the employees in an unsafe place to work and if the job was not progressing as fast as it should would he "try to rush the crew and get them to do it". Over objection he was permitted to answer both questions. He answered the former in the affirmative and the latter by saying, "I would try to find out what was wrong with the organization."

The objection of the defendant to the first question was that it called for a conclusion and to both questions that

they were beyond the scope of the direct examination.

■■ The right of cross-examination is not confined to the specific questions asked or details elicited in the direct examination but extends to the subject matter about which inquiry was made. De-Witt v. Skinner, 8 Cir., 1916, 232 F. 443, 445; Coca-Cola Co. v. Moore, 8 Cir., 1917, 246 F. 942, 943. Moreover, the extent of cross-examination is a matter within the discretion of the trial judge and great latitude should be allowed in the exercise of that discretion. Thorp v. American Aviation and General Insurance Company, 3 Cir., 1954, 212 F.2d 821, 827–828; United States v. Bender, 7 Cir., 1955, 218 F.2d 869, 873.

■ The witness Stahl testified on direct examination that he did not give the men any instructions to pull jacks out from under the ties while the tamping machine was still over the jacks. The plaintiff then certainly had the right on cross-examination to inquire as to the reason therefor. 98 C.J.S. Witnesses § 384.

■ The answer of the witness Stahl to the second question about which the defendant complains was that he "would try to find out what was wrong with the organization". This answer was not harmful to the defendant. It, therefore, has no cause to complain of the overruling of its objection to the question which elicited that answer.

We, therefore, hold that the District Court did not abuse its discretion in overruling the objection of the defendant to the two questions about which it complains.

■ The defendant's motions, made at the close of plaintiff's evidence and at the conclusion of all the evidence, to withdraw certain issues were properly denied. Without setting forth all the evidence in detail the record contains evidence from which the jury could reasonably infer that the defendant failed to provide plaintiff and his fellow employees with a sufficient number of jacks to avoid the necessity of plaintiff removing them while the tamping machine was on the tracks over the jacks; that it failed to organize its work and to provide plaintiff with sufficient assistance so as to avoid such necessity; that it rushed plaintiff and his fellow workers in the performance of the work and thereby increased the danger and hazard; that it failed to furnish plaintiff with reasonably safe tools; and also failed to furnish him a reasonably safe place in which to work.

■ The defendant objected to the giving of Instructions No. 3 and No. 26 for the sole reason that there was "no evidence whatsoever and no evidence introduced in this case or evidence which reasonable inferences could be drawn from in support of any one of the charges of negligence contained in the second amended complaint." What we have heretofore said is dispositive of this question. The defendant, however, argues here that some of the acts of negligence charged were insufficient to furnish a basis for a cause of action. That question is not properly before this court for the very obvious reason that it was not included in the objection. Miller v. New York Central Railroad Company, 7 Cir., 1956, 239 F.2d 10, 13.

The defendant complains of Instruction No. 29 which reads as follows:

"If you find for the plaintiff, and if you further find from the evidence that the plaintiff had a congenital weakness in his mind which has never caused him any inability to work or take care of his family and has never interfered with his activities or manner of living before the accident complained of, but that as a proximate result of the negligence of the defendant, he suffered the injuries of which he now complains, I charge you that he is entitled to recover full compensation for these injuries, even though the result of said injuries may be more serious and far-reaching because of the congenital weakness in his mind, and even though his particular injuries

might have been less, except for the congenital weakness of his mind."

The defendant objected to this instruction for the reason that "it would permit a recovery on the part of plaintiff for any and all damages and would permit a recovery in this case, whereas the evidence most favorable to plaintiff could only show the aggravation of a present existing condition and this would permit recovery of a condition which existed prior to and not confined solely to the damages which would flow from the aggravation."

■ The defendant's contention that this instruction permitted a recovery "for a congenital weakness in plaintiff's mind holding defendant liable for injuries that were not the proximate result of its alleged negligence" is without merit because the instruction says no such thing. The instruction is most awkwardly drawn. As worded it was neither beneficial to the plaintiff nor harmful to the defendant. It informed the jury that the plaintiff was entitled to recover, if at all, for the injuries suffered as a proximate result of · the negligence of the defendant whether such injuries be more or less serious because of the possible congenital weakness of his mind. In our opinion the objection of the defendant was not well founded.

■ Under the Federal Employers' Liability Act, the test of a jury case is whether the proofs reasonably justify the conclusion that the employer's negligence played any part, however slight, in producing the employee's injury. Rogers v. Missouri Pacific Railroad Co., 1957, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493; Webb v. Illinois Central Railroad Co., 1957, 352 U.S. 512, 77 S.Ct. 451, 1 L.Ed. 2d 503; Arnold v. Panhandle & S. F. R. Co., 1957, 353 U.S. 360, 77 S.Ct. 840, 1 L.Ed.2d 889.

The evidence in this record presented a factual question for determination by the jury. The jury by its verdict resolved that factual question in favor of the plaintiff. We, therefore, have no alternative but to hold that the District Court committed no error in denying the motions of the defendant for a directed verdict, for judgment n. o. v. and/or a new trial.

The verdict being adequately supported by the evidence and there being no reversible error in the record the judgment is affirmed.