UNION AUTOMOBILE INDEMNITY ASSOCIATION, Plaintiff-Appellant,

v.

CAPITOL INDEMNITY INSURANCE COMPANY, Defendant-Appellee.

No. 13711.

United States Court of Appeals Seventh Circuit.

Nov. 21, 1962.

Hastings, Chief Judge, dissented.

Hugh A. Henry, Jr., Bloomington, Ill., Thomas H. Hicks, Terre Haute, Ind., for the plaintiff-appellant.

Jerdie D. Lewis, Terre Haute, Ind. (Lewis & Lewis, Terre Haute, Ind., of counsel), for defendant-appellee.

Before HASTINGS, Chief Judge, and DUFFY and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

Plaintiff, Union Automobile Indemnity Association, an inter-insurance exchange with its principal office in Bloomington, Illinois, brought this action against defendant, Capitol Indemnity Insurance Company, an Indiana corporation, to recover $39,017.03 paid by plaintiff to settle three personal injury suits. The suits were instituted against one Michael Ruggles and arose out of an automobile accident occurring in Terre Haute, Indiana, July 5, 1958. Plaintiff sued as subrogee of Michael Ruggles in respect of his claim against Capitol Indemnity for indemnification of the amount representing the costs expended in his behalf by Union Indemnity in defending the actions and also the amount paid to settle them. The latter company had issued an insurance policy to one Fred Ruggles, father of Michael Ruggles, which covered any automobile, regardless of ownership, driven by the insured or any relative residing in his household in the event that the automobile was not covered by other insurance. Capitol Indemnity denied liability on the ground that it had not extended any insurance covering the automobile being driven by Michael Ruggles at the time of the occurrence. The District Court, after a trial, gave judgment for defendant, from which judgment plaintiff appeals.

The car involved in the collision driven by Michael Ruggles was owned by one Carol Acton, *nee* Newman. Union asserts that Carol Newman had an oral contract of insurance with Capitol Indemnity covering this car by reason of which the latter company was obligated to defend the personal injury actions and to discharge any liability resulting therefrom. By assuming the defense and settling the claims, plaintiff admitted that it was liable under the policy unless defendant was primarily liable under the asserted oral contract.

The District Court decided that plaintiff had not discharged its burden of establishing a contract of insurance between Miss Newman and Capitol Indemnity and gave judgment to defendant. We do not reach the merits of the controversy because we have concluded that the District Court unduly restricted the cross-examination of one of defendant's principal witnesses to the prejudice of plaintiff's cause and that a retrial is required.

In order to show the background of the erroneous evidentiary ruling, it is necessary to elaborate on the facts disclosed at the trial. Miss Newman lived in Dennison, Illinois. She worked in Terre Haute, Indiana. On May 20, 1958, she purchased the car in question in Terre Haute and while arranging for its financing was introduced to Charles Deeter, an agent of Capitol Indemnity, for the purpose of insuring the car.

Miss Newman testified that an application was filled out on May 20 wherein the period of insurance was fixed at six months and full coverage provided; also, that Deeter told her that as soon as the car was driven from the lot "it would be insured." Until after the accident on July 5, she heard nothing from Deeter or defendant. Plaintiff introduced the application into evidence. This carries a notation "Bound 6–1–58 effective * * from 6–2–58 to 12–2–58 * * *."

Defendant then called Deeter as a witness who testified as to his name and where he lived, and further, that on May 20, 1958, he did not tell Miss Newman that she had "insurance on her automobile effective at any time on that date or *at any time*." (Emphasis supplied.) This was the extent of Deeter's direct examination. Plaintiff sought to cross-examine him concerning: his occupation as an insurance agent; the occupation in which he engaged at his residence; the conversation with Miss Newman on May 20, 1958; and his conversation with her concerning insurance. Defendant objected to these questions as being beyond the scope of direct examination. The objections were sustained.[1] Plaintiff then called Deeter as

1. Specifically, the one question propounded to Deeter on direct examination and his answer thereto were:

"Q. Mr. Deeter, did you at any time on May 20, 1958, state or tell Carol Newman that she had an automobile policy of insurance on her automobile effective at any time on that date or at any time?

"A. No."

After propounding this one question on direct examination, witness Deeter was turned over to plaintiff for cross-examination. The questions propounded on cross-examination by plaintiff, defendant's objections thereto, and the rulings of the court are as follows:

"Q. In the course of that conversation, was your relationship to the defendant Capitol Indemnity Insurance Company discussed?

"Defendant's Counsel: To which we object. Improper, not proper cross-examination, was not gone into upon direct.

"The Court: Sustained.

"Q. What was the substance of your conversation on that date with Miss Newman?

"Defendant's Counsel: To which we object. Not proper cross-examination, wasn't gone into on direct. I merely asked him one question, your Honor, as to whether or not—"

*     *     *     *     *

"The Court: It would appear to the Court that if, for example, Mr. Deeter had been called without any previous testimony on the part of the present Mrs. Acton and queried as to some part of a conversation that he had with Mrs. Acton, that cross-examination would then perhaps be proper as to all parts of the conversation. But as I view the situation here, it is that Mrs. Acton, formerly New-

its own witness on rebuttal. The District Court would not permit plaintiff to examine him as to his conversation on May 20, 1958, with Miss Newman on the ground that this was not proper rebuttal evidence.

It is the rule in federal courts that cross-examination of a witness is confined to the subject matter of his direct examination. United States v. Bender, 218 F.2d 869 (7th Cir. 1955) cert. denied, 349 U.S. 920, 75 S.Ct. 660, 99 L.Ed. 1253. On the other hand, cross-examination is a matter of right. Alford v. United States, 282 U.S. 687, 691, 51 S.Ct. 218, 75 L.Ed. 624, (1931). This right is not confined to specific questions asked on direct examination but extends to the subject matter about which the inquiry was made. Butler v. New York Central R. R. Co., 253 F.2d 281 (7th Cir. 1958).

In the instant case, we are satisfied that plaintiff was unduly restricted in its cross-examination of the witness Deeter. After the witness was asked on direct examination whether on May 20, 1958, he told Carol Newman that she had insurance on her automobile "effective at any time on that date or at any time," plaintiff should have been permitted to question him about the substance of his conversation with Miss Newman. Furthermore, because of the statement in the application regarding the effective date of the insurance, the witness should have been subject to cross-examination about whether he told her she had insurance starting June 2, 1958,—an inquiry clearly warranted in view of the "at any time" segment of the question propounded to him on direct examination.

It is apparent from his statement,[2] in deciding whether there was an oral contract of insurance, that the trial judge was influenced by his evaluation of the witnesses' ability to recall specifics of their conversation in May, 1958. Con-

---

man, had testified, among other things, that Mr. Deeter on a certain day told her that she had an effective policy of insurance. That was a part of the testimony of Mrs. Acton. Now, it seems to me that the one question asked here was purely as in denial or rebuttal of that statement of Mrs. Acton, and I do not believe that it is the type of question which would open up the entire subject matter of the conference between them as to this witness. For that reason I am going to sustain the objection.

"Q. *Mr. Deeter, did you make any statement whatsoever on May 20th, to Miss Newman concerning insurance?*

"Defendant's Counsel: To which we object, Judge *It is improper cross-examination, was not gone into on direct.* This witness was put on for the express purpose, as the Court has heretofore stated, and that's the one question, and in denial of what Mrs. Newman, now Acton, had testified.

\* \* \* \* \*

"The Court: Well, of course except to the extent that he has asked this one question, gotten this one answer, then everything else that Mrs. Acton has said is in the record and undisputed up until this point. But Mr. Lewis rather carefully limited his question. He had the right to do that, he did do it and, under the rules of cross-examination, I think he has a right to insist that the cross-ex-

amination be limited to the question asked. Therefore, I will again sustain the objection." (Emphasis supplied.)

2. "I think that the case has boiled itself down to the simple question of whether or not Charles L. Deeter on May 20, 1958, told Carol Newman, that she and/or her car were insured from 4:00 that afternoon on, insofar as the plaintiff's complaint is concerned and without reference to the affirmative defenses.

\* \* \* \* \*

"But getting back to the question of who we are going to believe and who we are not going to believe, there is no reason, other than the suggested effect upon his loss ratio, to disbelieve Mr. Deeter, who has not been impeached in any way. I do take into consideration the Court's own experience with insurance agents and with lay people purchasing insurance, particularly in these finance deals where they probably don't know the agent, and I can't really believe that Miss Newman, or Mrs. Acton, came in here and deliberately told a lie to the Court. I don't believe that she did. I believe that she was in good faith. I also believe that Mr. Deeter was in good faith. So then the question is still hanging before us, which one is correct in his or her present recollection of the facts of the conversation which took place way back in May, 1958."

sequently, the restriction of the cross-examination of the witness Deeter was clearly prejudicial and constitutes reversible error. The trial judge should have had the benefit of the excluded cross-examination before deciding the case.

The judgment of the District Court is reversed and the cause remanded for a new trial.

HASTINGS, Chief Judge (dissenting).

The judgment of the district court has been reversed on the sole ground that the trial court committed prejudicial error in restricting cross-examination of witness Deeter. The cause is remanded for a new trial. It is held that the "trial judge should have had the benefit of the excluded cross-examination before deciding the case."

With deference to the majority, I feel it has misjudged the context of the situation in which the ruling was made. Hence, I feel compelled to dissent.

Plaintiff's action was predicated on the theory that defendant had made an oral contract of liability insurance covering an automobile owned by one Carol Newman. By virtue of a subsequent marriage, Miss Newman was known as Mrs. Acton at the trial.

Plaintiff had the burden of proving such oral contract of insurance. It sought to do this through the testimony of Miss Newman. It claimed such oral contract flowed from a conversation she had with defendant's agent, Charles Deeter, on May 20, 1958.

As a part of its case in chief, plaintiff called Miss Newman and propounded certain questions to her and elicited answers thereto concerning this conversation with agent Deeter on May 20, 1958. The specific questions and answers critical to the point in issue were:

"Q. What did Mr. Deeter tell you this coverage, this insurance that you were talking about, what kind of insurance was it?

"A. Well, I wanted it to have insurance on the persons in the car and to have the car insured itself, and I had the understanding it would be full coverage insurance.

"Q. What, if anything, did Mr. Deeter tell you about when this insurance would go into effect?

"A. He said that when I—from the time, I believe, we left the loan office, we went to pick the car up, and he said as soon as we drove the car from the lot that it would be insured."

This was the sole testimony offered by plaintiff in chief relating to this conversation. It did not call agent Deeter as a witness.

In presenting its defense, defendant called Deeter as a witness. After Deeter had stated his name and address, defendant's counsel asked him only one question and received one answer thereto, as follows:

"Q. Mr. Deeter, did you at any time on May 20, 1958, state or tell Carol Newman that she had an automobile policy of insurance on her automobile effective at any time on that date or at any time?

"A. No."

Following the above answer to this one question on direct examination, witness Deeter was turned over to plaintiff's counsel for cross-examination. The questions asked on cross-examination, the objections made thereto by defendant's counsel, the rulings made by the trial court sustaining such objections and the colloquies of the court and counsel are correctly set out in full in footnote 1 of the majority opinion. They need not be repeated here.

No one denies that witness Deeter was called by defendant for the sole purpose of denying or rebutting the above statement attributed to him by witness Newman. Deeter gave an unequivocal answer—"No." He said nothing further and was not asked more by defendant.

It must be conceded that defendant limited its direct examination to this one

question in order not to open the door to a broad cross-examination. The trial judge so understood the defense trial strategy and there was nothing wrong with it.

The majority opinion correctly states "that cross-examination of a witness is confined to the subject matter of his direct examination." What it misconceives, in my judgment, is the scope of the "subject matter" inquired into by the question under scrutiny. The only subject matter mentioned in Deeter's direct examination was whether he made the statement concerning insurance coverage attributed to him by witness Newman.[1] He said he did not. He was not asked about any other statements he might or might not have made to Miss Newman.

The majority holding might be on sound ground if Deeter had been asked a question concerning this conversation as tending to prove an affirmative fact. The trial court made an observation to this general effect. In that event the door would have been opened to complete cross-examination on the subject matter of the conversation. That is not this case.

The majority opinion cites Alford v. United States, 282 U.S. 687, 691, 51 S.Ct. 218, 75 L.Ed. 624 (1931) as authority for the holding that "cross-examination is a matter of right." There can be no quarrel with that statement. However, there can be no right to improper cross-examination.

A reading of the Alford case discloses that the witness in question "had testified to uncorroborated conversations of the defendant of a damaging character," in a criminal case. The opinion sets out in detail the purpose of the cross-examination and that case is readily distinguishable from the case at bar.

Further, in the Alford case, *id.* at 694, 51 S.Ct. at 220, the court states the well-recognized rule that the scope of cross-examination is within the sound discretion of the trial court. To the same effect, see Butler v. New York Central Railroad Company, 7 Cir., 253 F.2d 281, 283 (1958). This court will review the exercise of that discretion only to determine whether or not it has been abused. United States v. Bender, 7 Cir., 218 F.2d 869, 873 (1955), cert. denied, 349 U.S. 920, 75 S.Ct. 660, 99 L.Ed. 1253.

This reversal, as I read it, is not based upon an abuse of discretion but is justified on the ground that "the trial judge should have had the benefit of the excluded cross-examination." The trial judge himself was in a better position to make that judgment. Having done so, I feel that the exercise of his discretion should be respected in view of the narrow ground found for disturbing it.

In this case, I feel we should adhere to our long established precedent of being slow to disturb an exercise of discretion by a trial judge, even though we might have ruled otherwise had we been sitting in his place.

We are not concerned here with the effect of a ruling that might impinge on the function of a jury. This was a bench trial and the trial judge alone was the arbiter.

No claim was made that the refused testimony was offered for impeachment purposes, as is frequently the case.

There is no dispute concerning the standards laid down by the courts with reference to the scope of cross-examination. Our difference of opinion here lies in the application of those standards to the subject matter of the question propounded on direct examination as revealed by the record in the case at bar.

I would affirm the judgment of the district court on the merits of the case.

1. The majority opinion points with emphasis to the words "at any time" included in the critical question. The trial court was not misled by these words and plaintiff's counsel made no point of them at the trial. I think we go too far in giving them an emphasis on appeal that apparently no one thought of at the trial.