■ In the Matter of the Claim of TESSIE COLLUCCIO, Respondent, v. HERMARK KNITWEAR CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and its carrier from a decision of the Workmen's Compensation Board dated and filed May 31, 1962, an award

of disability based thereon and from an order of the board dated November 19, 1962. On April 8, 1960 claimant while pushing a loaded hand truck in the employer's place of business sustained injuries initially diagnosed as a sprain of her left ankle and foot and a laceration of the dorsum of the latter which subsequently became infected and required incising and draining. An award of compensation for these injuries was made for the period from April 11, 1960 to June 27, 1960 and paid by the carrier. Based on a report of its examining physician the issue of further causally related disability was raised at a hearing held on September 13, 1960. At those which followed medical evidence was presented by the parties directed to the issue as to whether the trauma of the accident had aggravated a pre-existing pagetoid condition in claimant's left tibia, at the conclusion of which the Referee found that there was "no causally related disability to claimant's leg resulting from the accident of the folder" and restored the case to the calendar "for consideration of an award subsequent to 6/27/60". Upon review the board by decision dated July 21, 1961 affirmed his finding stating "that the underlying Paget's disease was in no way aggravated nor influenced by the accident of April 8, 1960" and continued the case to the Referee's Calendar "for consideration of disability due to the left foot injury" with a direction to the Referee "to decide on the completed record." When the case was again reached for hearing on December 5, 1961 the parties rested on the record as then constituted. The Referee thereupon directed that claimant be examined by a board physician who later reported: "Claimant complains of numbness of the left foot, 'continuous fever' in the left leg and pain in the right knee from weight bearing to spare the left knee. On 4/8/60 the left foot was run over by a truck and was struck in the left leg. Examination today reveals marked bowing of the left leg. There is a healed operative scar on the anterio-medial aspect middle third of the left leg and another operative scar at the middle half. There is increase in surface temperature in the left leg. There is pain on motion of the left leg and left foot. There is a mild defect in plantar flexion of the left foot. The examination in [sic] otherwise negative. X-rays dated 6/27/60 and 6/3/60 are suggestive [of] Paget's disease. Claimant informs me that earlier films were taken by Dr. Burman about 3–4 weeks following accident. These films should be submitted, to be compared to films enclosed. Claimant has a moderate partial disability." Following a reservation of decision and a study of the record the Referee found no schedule loss or further disability and closed the case. Upon claimant's application for a review the board in a decision dated May 31, 1962 which referred to the series of medical reports filed by claimant's attending physician, Doctor Brachfeld, and the report of its medical examiner found "on the weight of medical reports in the folder, that claimant has a moderate partial disability due to the left foot injury", rescinded the Referee's decision and restored the case for an appropriate award. The case again came on for hearing on July 12, 1962. The carrier's request for permission to cross-examine the board physician in respect to his report was denied. Finding that claimant had sustained a 50% disability due to the left foot injury the Referee made an award accordingly. The board by order dated November 19, 1962 denied the carrier's application for a review stating: "In view of the findings made by the majority of the Panel and in the absence of any new evidence since the Board decision, the Board finds that the Referee decision made in conformity with the majority of the Panel decision is proper and that there is no need of cross examination of the Board Medical Examiner". Doctor Burman, claimant's medical consultant, by report and testimony clearly grounded his professional opinion of extensive causally related disability on

a traumatic aggravation of the pre-existing dormant disease with which claimant was afflicted. While it is true that the formal reports filed by the attending physician consistently referred to weaknesses in the left foot and ankle and consequentially in the right knee without further explanation, Doctor Brachfeld's testimony makes manifest that at least for the period following the diagnosis of Paget's disease by Doctor Burman — to whom he had referred claimant on or about May 23, 1960 — the disability resulting from the progressive bowing of claimant's left leg was in his opinion attributable to the disease activated by the initial physical injury. The report of the board medical examiner lacks the discriminative preciseness necessary to sustain the board's finding of disability due alone to the injury of the left foot. In the state of this record we think that the board's denial of an opportunity to cross-examine him was arbitrary, deprived appellants of a substantial right to their prejudice and requires remittal of the claim. (*Matter of Beach* v. *Rich & Sons*, 3 A D 2d 778; *Matter of Ketchem* v. *Hotel Huntington*, 8 A D 2d 889, mod. 8 A D 2d 912; *Matter of Lapinsky* v. *Ardom Bake Shop*, 9 A D 2d 793.) Since remittal is necessary, the parties should have a further opportunity to present medical evidence on the question of any resultant disability disassociated with an aggravation of the disease particularly since the evidence adduced by the parties at the hearings related exclusively to a theory subsequently rejected by the board as a basis for imposing liability. Decision reversed and claim remitted, with costs to appellants against the Workmen's Compensation Board. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.