FISCHBACK & MOORE OF ALASKA, INC.,
an Alaska Corporation, Appellant,

v.

Frank LYNN, Appellee.

No. 543.

Supreme Court of Alaska.

Oct. 19, 1965.

Robert C. Erwin and Murphy L. Clark, of Hughes, Thorsness & Lowe, Anchorage, for appellant.

Hugh B. White and Peter LaBate, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

Appellee was injured in an industrial accident and received from his employer, the appellant, medical treatment and temporary total disability compensation. On March 9, 1964, the Alaska Workmen's Compensation Board denied appellee's claim for compensation for permanent partial disability.

Appellee appealed the Board's decision to the superior court. On August 7, 1964, while the appeal was pending, the Board entered the following ex parte order:

> The decision of the Board in this case filed on March 9, 1964, is on appeal to Superior Court at Anchorage, Alaska.
>
> However, the Board is of the opinion that the applicant is in need of further medical attention of a specialized nature.
>
> Therefore, the defendant is ordered to transport the applicant to Seattle, Washington for an examination at the University of Washington Hospital within thirty days. The examination is to be conducted by a neurosurgeon and an orthopedic surgeon. Copies of the physicians' findings and conclusions are to be forwarded to the Board.

> The examining physicians are to receive from counsel for the parties copies of all medical reports in their possession and treating physicians George Wichman, George Hale, Thomas Kiester and R. E. Harrell are to forward their x-rays for review.
>
> The expense of the examination, transportation and related expense is to be borne by the defendant.

Following the entry of the Board's order, appellant moved the superior court to enjoin the Board from carrying out such order, and shortly thereafter, filed a motion for summary judgment seeking affirmance of the Board's decision of March 9, 1964 which denied appellee compensation for permanent partial disability. The court denied the motions for an injunction and for a summary judgment, and stated:

> [T]he Court * * * remands this case to the Alaska Workmen's Compensation Board for the purpose of taking additional testimony after the physical examinations have been completed which the Board has ordered. Then after they have taken the testimony they are directed to execute any necessary orders. This case is remanded to the Board.

Appellant has appealed to this court, claiming that the trial court erred in failing to grant appellant's motions for an injunction and for summary judgment, and in remanding the case to the Alaska Workmen's Compensation Board.

Before discussing appellant's contentions, we must pass upon a procedural aspect of this case. Appellee argues that there is no final judgment from which an appeal may be taken.[1] It is true that the orders denying the motions for summary judgment and for an injunction were, without more, interlocutory rather than final, since they were not completely determinative

---

1. Supreme Court Rule 6 provides:
 An appeal may be taken to this court from a final judgment entered by the superior court or a judge thereof in any action or proceeding, civil or criminal, except that the state shall have a right to appeal in criminal cases only to test the sufficiency of the indictment or information.

of the matter before the trial court.[2] But the court did more than merely deny those motions. It also remanded the case to the Board for the purpose of taking additional testimony and making additional orders after medical examinations of appellee had been completed.

This action by the trial judge could hardly be considered interlocutory. The judge did not stay the proceedings in the superior court and retain jurisdiction pending further action by the Board, but instead, terminated the proceedings by remanding the case and refusing to decide the issue that had been presented. The question that had been raised on appeal from the Board's decision of March 9, 1964 could not be brought before the court again on a subsequent appeal, because the time for court review of that decision would have long since expired.[3] Any subsequent appeal from a further order of the Board—assuming the Board made some additional order after the remand—would bring before the court that order only, and not the one entered by the Board on March 9, 1964. We hold that the order of the superior court remanding this case to the Alaska Workmen's Compensation Board was a final judgment within the meaning of Supreme Court Rule 6.

Appellant's main point on this appeal is that the court erred in refusing to enjoin the Board from carrying out its ex parte order of August 7, 1964, and in remanding the case to the Board to act upon such order. The substance of appellant's argument is that the Board's order was a nullity because after an appeal from the Board's

decision had been taken, the court had sole and exclusive jurisdiction over the case.

 It is the general rule that when an order of an administrative agency is appealed to a court, the agency's power and authority in relation to the matter is suspended as to questions raised by the appeal.[4] The rule is based on common sense. If a court has appellate jurisdiction over a decision of an administrative body, it would not be consistent with the full exercise of that jurisdiction to permit the administrative body also to exercise jurisdiction which would conflict with that exercised by the court. The court's jurisdiction over the subject matter of an appeal must be complete and not subject to being interfered with or frustrated by concurrent action by the administrative body.

Operation of the rule is limited to situations where the exercise of administrative jurisdiction would conflict with the proper exercise of the court's jurisdiction. If there would be no conflict, then there would be no obstacle to the administrative agency exercising a continuing jurisdiction that may be conferred upon it by law.

Continuing jurisdiction over a compensation matter is conferred by law upon the Alaska Workmen's Compensation Board. AS 23.30.130(a) authorizes the Board to review a compensation case before one year after the date of the last payment of compensation or before one year after rejection of a claim, either upon its own initiative or upon application of a party in interest on the ground of change in conditions or because of the Board's mistake

---

2. See State v. Hillstrand, 352 P.2d 633 (Alaska 1960); 6 Moore, Federal Practice § 54.07, at 45 (2d ed. 1953).

3. AS 23.30.125(a) provides:
 A compensation order becomes effective when filed in the office of the board as provided in § 110 of this chapter and, unless proceedings to suspend it or set it aside are instituted as provided in (c) of this section, it becomes final on the 31st day after it is filed.
 See Alaska Mines & Minerals, Inc. v. Alaska Industrial Bd., 354 P.2d 376, 378

(Alaska 1960) (construing former statute, § 43-3-22 ACLA 1949).

4. Jones v. Schenectady Boys Club, Inc., 276 App.Div. 879, 93 N.Y.S.2d 764 (1949); R. R. Comm. of Texas v. North Texas Coach Co., 92 S.W.2d 268, 270 (Tex.Civ. App.1936); Hailey-Ola Coal Co. v. State Industrial Comm., 123 Okl. 64, 251 P. 1040, 1941 (1926); Colorado Anti-Discrimination Comm. v. Continental Air Lines, Inc., 143 Colo. 590, 355 P.2d 83, 86 (1960).

in a determination of a fact. AS 23.30.095 (a), which relates to medical examinations and treatments, requires an employer to furnish medical and other treatment "for the period which the nature of the injury or the process of recovery requires, not exceeding two years from and after the date of injury to the employee." This statutory provision implicitly recognizes the Board's continuing jurisdiction over a compensation case for a two-year period, inasmuch is it would be the Board's prerogative and duty to enforce the employer's obligation to furnish medical treatment if the employer refused or neglected to do so of his own volition. In addition, the same statute explicitly recognizes the Board's continuing jurisdiction in this area by stating that—

> if continued treatment or care beyond the two-year period is indicated, the injured employee has the right of review by the board. The board may authorize continued treatment or care or both as the process of recovery may require.[5]

The Board's ex parte order of August 7, 1964 directed the appellant to provide for a medical examination of appellee by a neurosurgeon and an orthopedic surgeon. There is nothing on the face of the order or in the record to show that the Board was attempting to exercise its continuing jurisdiction over the case as to the question of whether appellee was entitled to permanent partial disability compensation. That is the question that had been decided adversely to appellee's contentions by the Board in March 1964 and was the basis for the appellee's appeal to the superior court. The question before that court was whether the Board's finding of no permanent partial disability was supported by substantial evidence,[6] and was not in any way concerned with whether appellee was entitled to fur-

ther medical treatment to be furnished by appellant.

■ We cannot hold that the Board's ex parte order was null and void, as appellant contends it was. The exercise of administrative jurisdiction in ordering further medical examination and treatment while the case was pending in the superior court was not inconsistent with the proper exercise of the court's jurisdiction, because the Board's action did not interfere or conflict with the exercise of the court's jurisdiction over the case.

The ex parte order, however, is subject to criticism. It was entered, apparently without notice to any of the parties or their counsel. Assuming that the Board had good reason for the action it took regarding further medical examination, common · sense and orderly procedure would require that the Board notify the parties and their counsel of its intentions to reconsider the medical aspect of the case, and then following reconsideration to disclose its reasons for the decision it made in order that one might know beyond any question that this exercise of the Board's jurisdiction did not and was not intended to conflict with the exercise of the court's jurisdiction over the matter raised on the pending appeal.

■ Although we are unable to say that the appeal pending in the superior court caused the Board's ex parte order to be a nullity, we are obliged to say that the court's action in remanding the case to the Board on the basis of such ex parte order was a mistake. The court relied upon the authority to remand conferred by the Administrative Procedure Act, AS 44.62.570(d)(1). That was erroneous, because the power of the court to remand under that section of the Act depends upon a finding that "there is relevant evidence which, in the exercise of reasonable diligence, could not have been produced or which was improperly ex-

---

5. AS 23.30.095(a).

6. Forth v. Northern Stevedoring & Handling Corp., 385 P.2d 944, 948 (Alaska 1963).

cluded at the hearing." [7] There was no such finding, nor is there anything in the record to indicate that any such finding could have been made.

Once the appeal was taken, jurisdiction over the subject matter of the appeal was conferred upon the court. The court then had a power to exercise which it could not abdicate. The court's error consisted in its refusal, by remanding the case to the Board, to afford the parties the determination which had been sought by the appeal, i.e., whether the Board's findings were supported by substantial evidence. It is the right of a litigant to call upon a judge to perform the judging which a statute or rule requires him to perform.[8]

That the judge did have such a duty appears evident. AS 44.62.570(a) provides that an appeal from a decision of an administrative agency "*shall* be heard by the superior court sitting without a jury." (Emphasis supplied.) And AS 44.62.570(e) states that "The court *shall* enter judgment setting aside, modifying, remanding, or affirming the order or decision * * *." (Emphasis supplied.) Since the statutory ground for remand relied upon by the court is not present,[9] we hold that the court erred in declining to decide the question presented on the appeal.

The appellant contends that the judge made a finding that the Board's decision of March 9, 1964 was supported by substantial evidence, and therefore that this court should direct the court below to enter a final judgment in conformity with such finding. The appellant bases its contention on a statement made by the judge at the time he took the case under advisement,

prior to rendering his decision. The judge said:

> Well, I'm going to take this under advisement, but the Court rather feels that what it should do would be to vacate the decision of the Workmen's Compensation Board and return this case to the Board for further—for its further determination and further taking of evidence. Since it has filed this Ex-parte order it appears there is some doubt in the Board's mind. This was as of the 7th day of August, 1964. *On the face of it, it appears that the file was satisfactory and the Board had sufficient evidence to make a decision,* but as as I have stated, I feel that this Court should return the case to the Board since this Ex-parte order of the 7th of August, 1964. Would counsel like to submit briefs on that point?
>
> MR. CLARK: Your Honor, I believe that point was argued in the motion on preliminary injunction. It was our position that the Board had no jurisdiction to make this Ex-parte order. In fact, that's what it was, was an Ex-parte order. There are certain bases in the section of the statute that I cited for the Court at that hearing for a modification of award, based a mistaken determination.
>
> THE COURT: I'll study it, those briefs then.
>
> MR. CLARK: Thank you, Your Honor.
>
> THE COURT: Very well. The Court will take this under advisement. (Emphasis supplied.)

7. AS 44.62.570(d) provides:
 The court may augment the agency record in whole or in part, or hold a hearing de novo. If the court finds that there is relevant evidence which, in the exercise of reasonable diligence, could not have been produced or which was improperly excluded at the hearing, the court may (1) enter judgment as provided in (e) of this section and remand the case to be reconsidered in the light of that evidence; or (2) admit the evidence at the appellate hearing without remanding the case.

8. See United Press Ass'ns v. Charles, 245 F.2d 21, 31, 17 Alaska 46 (9th Cir. 1957) (dissenting opinion).

9. As we mentioned earlier in this opinion, the court's authority to remand is limited by the provisions of AS 44.62.570(d) (1), quoted in note 7, supra.

The italicized portion of the Judge's remarks, which appellant relies upon, does not constitute an explicit finding that the Board's decision was supported by substantial evidence. This is apparent from the entire context of the judge's remarks, from the fact that the court did not enter a judgment affirming the decision of the Board, and from the fact that the judge remanded the case to the Board to take further testimony and to enter any necessary orders following a medical examination of appellee.

The order denying appellant's motion for an injunction is affirmed. The order denying appellant's motion for a summary judgment and remanding the case to the Alaska Workmen's Compensation Board is set aside, and the case is remanded to the superior court for further proceedings consistent with the views expressed in this opinion.