The EMPLOYERS COMMERCIAL UNION INSURANCE GROUP, a foreign corporation, and Stack Steel Company of Alaska, Appellants,

v.

Bernard W. SCHOEN and the Alaska Workmen's Compensation Board, Appellees.

Bernard W. SCHOEN and the Alaska Workmen's Compensation Board, Cross-Appellants,

v.

The EMPLOYERS COMMERCIAL UNION INSURANCE GROUP, a foreign corporation, and Stack Steel Company of Alaska, Cross-Appellees.

Nos. 1884 and 1895.

Supreme Court of Alaska.

March 8, 1974.

820

---

Keith E. Brown, Sanford M. Gibbs and Charles Hagans, Hagans, Smith & Brown, Anchorage, for appellants, cross-appellees.

William M. Erwin, Anchorage, for appellees and cross-appellants.

Before RABINOWITZ, Chief Justice, and CONNOR, BOOCHEVER and FITZGERALD, Justices.

## OPINION

BOOCHEVER, Justice.

Appellee and cross-appellant Bernard Schoen claims to have sustained a heart attack as a result of mental tension and physical exertion related to his iron and steel work for appellant and cross-appellee Stack Steel Company, which is insured by Employers Commercial Union Insurance Group (hereinafter "Employers"). Schoen filed a claim for temporary total disability and "possible" permanent disability with the Alaska Workmen's Compensation Board. A hearing on that claim was held March 5, 1971, and the Board issued an order awarding Schoen $113.00 per week compensation plus medical expenses and attorney's fees. Stack Steel Company and Employers timely filed a complaint in the superior court in the nature of an appeal from the Board's decision and contended in argument before the superior court: (1) that the Board il-

legally and prejudicially denied Employers' attorney the right to cross-examine Schoen's medical expert; and (2) that the award was not supported by substantial evidence demonstrating causal connection between work and disability. The superior court vacated the Board's order and remanded the claim to the Board with an order to reopen the hearing, to allow the requested cross-examination, and to pursue such other evidence as might be raised by the cross-examination.[1] Employers has appealed, contending that the superior court failed to assess the sufficiency of the evidence to sustain the order of the Board and erred in remanding rather than wholly setting aside the order because the evidence was insufficient. Schoen cross-appealed upon the grounds that cross-examination was waived, and that the evidence before the Board sufficiently supported its order so that the denial of cross-examination was not material.

## DENIAL OF CROSS-EXAMINATION

At the Board hearing, Schoen introduced as evidence a hospital discharge summary by his physician, Dr. Robert L. Prouty, the office records of Dr. Prouty pertaining to Schoen for a year's treatment encompassing the time of the heart attack, and a letter of Dr. Prouty stating that the physical and mental stresses of his work could "conceivab[ly], although by no means certain[ly]" have caused the heart attack. Employers' counsel had first received these documents on the morning of the hearing. He objected to their introduction, in part because the brief time he had been allowed to see them gave him inadequate opportunity to prepare countering material, and because he had no opportunity to cross-examine Dr. Prouty.

The Board's rules, under which the Board considered the medical evidence without allowing cross-examination, "favor[ ] the production of medical evidence in the form of written reports . . .," and suggests

---

1. The superior court's opinion makes it clear that the remand is so limited and is not intended to create an opportunity for Schoen to relitigate his claim before the Board to cure alleged defects in his proof.

the proper contents of such reports.[2] The rules also require parties to file with the Board "the original signed reports of all physicians relating to the proceedings which they may have [when the claim is filed]"[3] Parties must also file such reports as they obtain during the pendency of a claim.[4] Extensive rights of discovery of other medical information are afforded by the rules.[5] To be admitted in evidence, a written report ordinarily must be filed with the Board and served upon opposing parties ten days or more before the hearing.[6] The procedures under these rules cannot even arguably substitute for cross-examination in the instant case since they were not observed.

■ Board rules also provide that affidavits may be introduced in lieu of oral testimony, but that an opposing party has the right to cross-examine the affiant.[7] If no notice of intention to cross-examine is filed, the right to cross-examine is deemed waived. Nothing in the affidavit rule indicates that it applies to medical reports, and the procedure in this case indicates that the Board interprets the rule to be inapplicable to medical reports.[8] Neither Schoen nor Employers has argued that the affidavit rule affords a right to cross-examine the authors of medical reports.

■ Because complicated medical evidence is more easily digested when presented by report rather than testimony in an adversary setting, the preference for written medical reports serves a legitimate purpose. Further, medical reports obviate the heavy expenses of obtaining medical testimony. A procedural system similar to the one already employed by the Board for affi-

---

2. Due to the recent recodification of the Administrative Code, the section numbers of the Board's rules were somewhat different at the time of the Board hearing and superior court appeal than those in the current code. The substance of the rules was not changed, however. We have chosen to refer to the rules by their current numeration for simplicity. 8 AAC § 45.080(c) provides:
   The board favors the production of medical evidence in the form of written reports. These reports should include
   (1) history of the injury;
   (2) source of all facts set forth in the history and complaints;
   (3) findings on examination;
   (4) the patient's complaints;
   (5) opinion as to the extent of disability and working ability;
   (6) cause of the disability;
   (7) medical treatment indicated;
   (8) likelihood of permanent disability;
   (9) if permanent disability exists, whether it is ready for rating, and detailed factors on which a rating should be based;
   (10) the reasons for opinions.

3. 8 AAC § 45.080(d).

4. 8 AAC § 45.080(e).

5. 8 AAC § 45.080(f)–(1).

6. 8 AAC § 45.080(a).

7. 8 AAC § 45.120(d) provides:
   Affidavits in lieu of oral evidence:
   (1) Evidence may be introduced by any party in affidavit form in lieu of oral testimony and shall be given the same effect as if the affiant had testified orally, provided that the opposing parties shall have the right, on request made prior to submission of the case for decision, to cross-examine the affiant. At the time the affiant is introduced, the board, or member shall give notice of the right to cross-examination and copies shall be delivered to the opposing parties.
   (2) Prior to the hearing, any party may mail or deliver any affidavits to the opposing parties, together with a notice that it is proposed to introduce such affidavits at the hearing in lieu of oral testimony, and unless an opposing party or parties files a request to cross-examine a particular affiant at the hearing, the right to cross-examine such affiant shall be deemed waived. If any party requests the right to cross-examine an affiant, the affidavit of that affiant may be introduced in evidence only if the right to cross-examine him is afforded at the hearing.
   See AS 44.62.470.

8. When the report was offered in evidence, no notice of the right to cross-examine was given, nor was the timely request for cross-examination honored. The medical reports were admitted over an objection based on the failure to allow cross-examination. We doubt the Board would have overlooked an important procedural requirement in its own rules especially since the affidavit procedure was used with respect to two non-medical witnesses in this case; rather we believe the Board interprets its affidavit rule to apply strictly to formal affidavits.

davits, or a system requiring a notice of intention to cross-examine to be filed before hearing where the medical reports are served upon opposing parties pursuant to the current medical reports rules, may survive constitutional and statutory scrutiny on a case-by-case basis because the system would subject the right to cross-examination to waiver rules without denying the right altogether.[9] But Employers was afforded no opportunity to comply with such a rule in the instant case, and we must treat this as a case of absolute deprivation of the right of cross-examination.

Looking again to the Board's rules, we find that:

> Each party shall have these rights: to call and examine witnesses; to introduce exhibits; to cross-examine opposing witnesses on any matter relevant to the issues even though that matter was not covered in the direct examination. . . .[10]

If we had no guidance but this provision, we might be somewhat troubled by the tension between it and the medical reports rule in conjunction with the directive that hearings "need not be conducted according to technical rules relating to evidence and witnesses."[11] But 8 AAC § 45.120(c) parallels the Administrative Procedure Act, which provides in AS 44.62.460(b):

> Each party may . . . (3) cross-examine opposing witnesses on matter relevant to the issues, even though that matter was not covered in the direct examination. . . .

The Administrative Procedure Act is applicable to Board hearings except where otherwise expressly provided in the Workmen's Compensation Act,[12] and the Workmen's Compensation Act contains no contradictory provision respecting rights of cross-examination.[13] Thus, we must interpret the Board rule and statute identically, and we find no conflicts suggesting that cross-examination should be curtailed. True, the Administrative Procedure Act and the Workmen's Compensation Act authorize informal hearings,[14] but such provi-

---

9. *See* Richardson v. Perales, 402 U.S. 389, 404–405, 91 S.Ct. 1420, 28 L.Ed.2d 842, 854–855 (1971), where the court rejected a social security disability claimant's allegation that he had been denied the right to cross-examine physicians whose reports had formed the basis for disallowing his claim, because the claimant had the opportunity to subpoena the doctors but had not exercised it.

10. 8 AAC § 45.120(b).

11. 8 AAC § 45.120(c) provides:
    The hearing need not be conducted according to technical rules relating to evidence and witnesses. Any relevant evidence shall be admitted if it is the sort of evidence on which responsible persons are accustomed to rely in the conduct of serious affairs, regardless of the existence of any common law or statutory rule which might make improper the admission of such evidence over objection in civil actions. Hearsay evidence may be used for the purpose of supplementing or explaining any direct evidence but shall not be suffucient [sic] in itself to support a finding unless it would be admissible over objection in civil actions. The rules of privilege shall be effective to the same extent that they are now or hereafter may be recognized in civil actions, and irrelevant and unduly repetitious evidence shall be excluded.

12. AS 44.62.330(a)(15).

13. AS 23.30.135(a) provides in pertinent part:
    In making an investigation or inquiry or conducting a hearing the board is not bound by common law or statutory rules of evidence or by technical or formal rules of procedure, except as provided by this chapter. The board may make its investigation or inquiry or conduct its hearing in the manner by which it may best ascertain the rights of the parties.

14. AS 44.62.460(d) provides:
    The hearing need not be conducted according to technical rules relating to evidence and witnesses. Relevant evidence shall be admitted if it is the sort of evidence on which responsible persons are accustomed to rely in the conduct of serious affairs, regardless of the existence of a common law or statutory rule which makes improper the admission of the evidence over objection in a civil action. Hearsay evidence may be used to supplement or explain direct evidence but is not sufficient by itself to support a finding unless it would be admissible over objection in a civil action. The rules of privilege are effective to the same extent that they are recognized in a civil action. Irrelevant and unduly repetitious evidence shall be excluded.

sions do not abrogate fundamental rights of the parties.[15] Highly persuasive is the decision of the United States Court of Appeals for the Fifth Circuit in Southern Stevedoring Co. v. Voris holding that an informality provision in the Longshoremen's and Harbor Workers' Compensation Act[16] did not dispense with the right to cross-examine, a right "fundamental in Anglo-Saxon law."[17] We conclude that the statutes permitting informal administrative proceedings, AS 44.62.460(d) and AS 23.30.135(a), were never intended to, and could not,[18] abrogate the right to cross-examination in an adjudicatory proceeding.

We therefore hold that the statutory right to cross-examination is absolute and applicable to the Board. The denial of the opportunity to cross-examine Dr. Prouty was error.

Dr. Prouty's reports constituted the only medical evidence in the record. The only portion of his assessment concerning the causal connection between the physical and mental stresses of Schoen's work and the heart attack is stated in bare conclusionary terms, and the conclusions are tentative at best. The denial of the right to cross-examine a doctor whose equivocal statements are the entire medical evidence supporting an award cannot be regarded as harmless error.[19]

Schoen argues that Employers waived its right of cross-examination; the waiver arguments may be divided into three distinct contentions. First, Schoen argues that waiver should be inferred from Employers' failure to seek discovery of medical evidence prior to the Board hearing. Although failing to engage in discovery may or may not be a wise tactic, it is not a waiver of the right to challenge the evidence which is adduced at hearing. Second, Schoen argues that waiver should be inferred from Employers' efforts to convince the superior court to set aside the Board's order; it follows, Schoen argues, that Employers no longer intends to cross-examine Dr. Prouty. We find this argument illogical. Employers sought relief beyond the right to cross-examine Dr. Prouty, but such an effort does not vitiate the right to request narrower relief. Nothing in the law prohibits Employers from demanding inconsistent remedies.[20] Finally, Schoen contends that the failure of Employers to demand that the superior court augment the administrative record by taking Dr. Prouty's testimony on appeal constituted a waiver. Augmenting an administrative record is a discretionary device available to the superior court.[21] A party is not required to seek such relief so long as his appeal states the errors he relies upon and requests some relief which may be granted.

We hold that the superior court properly concluded that denial of an opportunity to cross-examine Dr. Prouty in the circumstances of this case was an

AS 44.62.460(d) applies to the Workmen's Compensation Board. Cook v. Alaska Workmen's Compensation Board, 476 P.2d 29, 31 (Alaska 1970). See AS 23.30.135(a), note 13, supra.

15. See Southern Stevedoring Co. v. Voris, 190 F.2d 275, 277 (5th Cir. 1951).

16. The Board's informality rule, AS 44.62.-460(d) and AS 23.30.135(a), are all substantially similar to the informality provision of the federal statute interpreted in Voris, 33 U.S.C. § 923(a).

17. Southern Stevedoring Co. v. Voris, 190 F.2d at 277; see Jones v. Industrial Commission, 1 Ariz.App. 218, 401 P.2d 172, 175–176 (1965); Massachusetts Bonding and Ins. Co. v. Industrial Accident Commission, 74 Cal.

App.2d 911, 170 P.2d 36, 39 (1946); Puncec v. City and County of Denver, 28 Colo.App. 542, 475 P.2d 359, 360 (1970); Colluccio v. Hermark Knitwear Corp., 21 A.D.2d 704, 249 N.Y.S.2d 376, 379 (1964).

18. Goldberg v. Kelly, 397 U.S. 254, 269, 90 S.Ct. 1011, 25 L.Ed.2d 287, 300 (1970); see Article, California and Federal Administrative Due Process: Development, Interrelation and Direction, 5 U.C.D.L.Rev. 1, 38–39 (1972) and cases therein cited.

19. Civ.R. 61; Union Automobile Indem. Ass'n v. Capitol Indem. Ins. Co., 310 F.2d 318, 320–322 (7th Cir. 1962).

20. Civ.R. 8(a).

21. See AS 44.62.570(d) quoted infra n. 25.

unwaived prejudicial error requiring remand to the Board.

## SUFFICIENCY OF EVIDENCE

In its complaint and brief in the superior court and on appeal, Employers has steadfastly maintained that the evidence before the Board was insufficient to sustain the award. Employers contends that if the record (including the reports of Dr. Prouty) does not support the Board's decision, it would be idle to remand to the Board to afford Employers an opportunity further to weaken the medical evidence.

In Fischback & Moore of Alaska, Inc. v. Lynn, we remanded the case to the superior court for consideration of the potentially dispositive question of sufficiency of the evidence where the lower court's failure to consider the question was without any sound basis.[22] Here we interpret the trial court's refusal to rule favorably to Employers on the sufficiency question to carry an implied finding that the sufficiency could be properly tested only after cross-examination of Dr. Prouty. The causal relationship between employment and disability is disputable in this case, and the sufficiency of evidence question is close. We believe it was appropriate for the superior court to remand such a case after determining that vital evidence had erroneously been excluded.[23] We are also not inclined to deviate from our previous procedure of requiring the initial examination of the sufficiency of evidence to be made in the superior court[24] rather than undertaking ourselves a review of the record for the first time.

Employers has argued that the interpretation we placed on AS 44.62.570(d)[25] in Fischback[26] prohibits remand of this case and requires either absolute affirmance or absolute setting aside of the Board's compensation order. This reading of Fischback is inaccurate. AS 44.62.570(d) authorizes remand if the court finds that there is relevant evidence (1) which in the exercise of reasonable diligence could not have been produced or (2) which was improperly excluded at the hearing. In Fischback we held that the court should not have remanded the case to the Board when the Board, pursuant to its continuing jurisdiction, had ordered a physical re-examination of an applicant whose case was on appeal to the superior court. The re-examination order did not come within either prong of AS 44.62.570(d) authorizing remand. The superior court thus had no authority to remand the case, and the court was required to test the sufficiency of the evidence on the record then before it.[27] Fischback does not interdict the remand ordered in this case, because the denial of cross-examination resulted in the improper exclusion of relevant evidence, justifying a remand under

---

22. 407 P.2d 174, 177–179 (Alaska 1965).

23. AS 44.62.570(d). For us to require an examination of the sufficiency of evidence by the superior court would affront principles of judicial economy; a further hearing in the superior court would be required, followed by a potential appeal to this court. If the evidence in the present record were found sufficient and the remand for cross-examination enforced, an entirely new appellate process could be initiated after the reopened Board hearing.

24. Fischback & Moore of Alaska, Inc. v. Lynn, 407 P.2d at 178–179.

25. AS 44.62.570(d) provides:
    The court may augment the agency record in whole or in part, or hold a hearing de novo. If the court finds that there is relevant evidence which, in the exercise of reasonable diligence, could not have been produced or which was improperly excluded at the hearing, the court may (1) enter judgment as provided in (e) of this section and remand the case to be reconsidered in the light of that evidence; or (2) admit the evidence at the appellate hearing without remanding the case.
    AS 44.62.570(e) provides:
      (e) The court shall enter judgment setting aside, modifying, remanding, or affirming the order or decision, without limiting or controlling in any way the discretion legally vested in the agency.

26. Fischback & Moore of Alaska, Inc. v. Lynn, 407 P.2d at 177–179.

27. Id. at 178–179.

the second standard enunciated in AS 44.-62.570(d), the improper exclusion of relevant evidence at the hearing.

We hold therefore that the Administrative Procedure Act empowered the superior court to remand this case to the Board for a reopening of the hearing limited to allowing Employers to cross-examine Dr. Prouty and to allowing both parties to pursue such other evidence as is suggested by the cross-examination. The court below did not abuse its discretion in ordering such a remand. The order of the superior court will therefore be affirmed.

Affirmed.

ERWIN, J., not participating.